936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Dewaine WHITE, Defendant-Appellant.
 No. 90-5139.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before McKAY and LOGAN, Circuit Judges, and BRIMMER, Chief District Judge.[1]
 ORDER AND JUDGMENT[2]
 McKAY, Circuit Judge.
 
 
 1
 On May 22, 1990, Leonard Dewaine White entered a conditional plea of guilty in the United States District Court for the Northern District of Oklahoma to one count of removal of a motor vehicle identification number. See 18 U.S.C. Sec. 511 (1988). The defendant reserved the right to appeal the district court's denial of his motion to suppress evidence seized as a result of a warrantless search of the vehicle. That is the sole issue on appeal. Because the defendant does not contest the findings of fact made by the trial court, we are concerned only with whether the law enforcement officers conducted an unlawful search.
 
 
 2
 On June 20, 1990, Tulsa police officer Stephen R. Wood received from his sergeant a note describing a stolen vehicle that would be at a given location at an approximate time. The note was written by a fellow officer and addressed to the sergeant. The original source of the information, however, was unknown. The information included the name of a possible driver of the vehicle and two possible vehicle license tags under whose authority the vehicle was being driven.
 
 
 3
 After running a registration check on the two possible license tag numbers, Officer Wood drove to the location identified in the note and parked across the street. A truck matching the description of the suspected stolen vehicle was parked in the parking lot. The license tag on the truck, which matched one of the two numbers in the note, had expired in December of 1987. Approximately forty minutes after Officer Wood arrived, the defendant drove the vehicle off the parking lot and onto a public street. Officer Wood stopped the truck. The police officer testified at the suppression hearing that he stopped the defendant's vehicle both because he suspected it was a stolen truck and because it had an expired license tag.
 
 
 4
 Officer Wood escorted the defendant back to Officer Wood's patrol car. Another police officer examined the vehicle identification number located on the driver's side door that the defendant left open when he exited the truck. Afterward, a third officer who supervised the commercial auto theft unit of the police department arrived. He examined the VIN plate and concluded that it had been taken off another vehicle's door and reattached to the door of the truck driven by the defendant. After an unsuccessful attempt to locate another vehicle identification number elsewhere on the truck, the third officer had the truck towed to the police auto theft garage. A later inspection of the truck at the auto theft garage revealed a second vehicle identification number; a vehicle under that VIN was listed as stolen.
 
 
 5
 The defendant filed a motion before the district court to suppress all evidence seized as a result of the warrantless search and seizure of the truck. After hearing evidence, the district court denied defendant's motion. The district court found that the officers had the right to view the VIN number on the pickup and that the search of the pickup was justified as an inventory search.
 
 
 6
 After reviewing the record and arguments of the parties, we affirm the judgment of the trial court. The expired tag alone provided sufficient probable cause for the officer's stop of the vehicle driven by defendant. In addition, the defendant does not seek to exclude any evidence obtained from the interior of the vehicle. The altered VIN plate on the open driver's door was in plain view to the officers; moreover, it is well-settled that no reasonable expectation of privacy exists in an automobile identification number. New York v. Class, 475 U.S. 106, 118-19 (1986). We need not therefore reach the district court's finding of a lawful inventory search.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3